IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kenneth Horace Underwood, | ) | Case No.: 12-04026-BGC7 |
| | ) | |
| Debtor. | ) | |
| | | |
| George N. Sarris, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AP No.: 12-00168-BGC |
| | ) | |
| Kenneth Horace Underwood, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion**

The matter before the Court is a <u>Renewed Motion to Dismiss</u> filed on February 19, 2013, by the defendant, Mr. Kenneth Horace Underwood. A.P. Docket No. 17.

After notice, a hearing was held on April 03, 2013. Ms. Erin L. Kline, attorney for the debtor-defendant-movant and Mr. Michael A. Harrison, attorney for the plaintiff, appeared. The matter was submitted on the complaint filed by the plaintiff in this case, as amended; the defendant's motion; and the arguments and briefs of counsel. Based on the same, it appears that the motion should be granted.

**I. Applicable facts**

According to the complaint, the plaintiff, Mr. George Sarris, and the defendant, Mr. Kenneth Underwood, entered into a contract on February 6, 2006, entitled "Real Estate Contract for New Construction," in which the former agreed to purchase from the latter residential real property. The contract was contingent on Mr. Sarris's ability to obtain a purchase money loan in the amount indicated in the contract. Mr. Sarris undertook to secure a loan but was unsuccessful and so informed Mr. Underwood.

On February 20, 2006, the parties executed an "addendum" to the contract. The addendum constituted a "lease/purchase agreement" pursuant to which Mr. Sarris would pay $1,450 each month in rent and, in addition, would make two $5,000 non-

refundable down payments. Mr. Sarris alleges that he was induced to enter into that addendum based on Mr. Underwood's, "assurance that [he] would finance possession of the said real property." Amended Complaint to Determine Dischargeability of Debts at 2, A.P. Docket No. 16 (parenthetical added). Based on that alleged promise, Mr. Sarris paid all of the money requested by Mr. Underwood, including an additional $7,000 in February 2009. At or about that time, Mr. Sarris believed that Mr. Underwood had no intention of financing his purchase of the property. Mr. Sarris then asked Mr. Underwood for a refund of all of the money he had paid to him. Mr. Underwood refused.

Specifically, Mr. Sarris contends that Mr. Underwood fraudulently induced him to enter into the addendum by verbally promising that he, Mr. Underwood, would finance Mr. Sarris' purchase of the property even though Mr. Underwood never intended to honor that promise. Mr. Sarris claims that Mr. Underwood's fraudulent representation resulted in: (1) a debt for fraud, which is nondischargeable under 11 U.S.C. §523(a)(2)(A); and (2) a debt for willful and malicious injury, which is nondischargeable under 11 U.S.C. 523(a)(6).

## II. Standards for dismissal

Mr. Underwood moved to dismiss Mr. Sarris's complaint on the grounds that, by virtue of the Alabama Statute of Frauds, the promise upon which the complaint is based cannot form the basis of a cause of action either in tort or contract.

The standards for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) are applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7012(b). They are explained in Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371 (11th Cir. 2010), in light of the tenants established in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The opinion in Speaker includes:

> In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the United States Supreme Court instructed that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46, 78 S.Ct. at 102. In 2007, the Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), retired Conley's "no set of facts" test in favor of a new formulation of Rule 12(b)(6)'s pleading standard. Id. at 562-63, 127 S.Ct. at 1969.
>
> In Twombly, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127

2

> S.Ct. at 1974. The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S.Ct. at 1964-65. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 556, 127 S.Ct. at 1965 (quotation marks omitted).
>
> Subsequently, in Iqbal the Supreme Court clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949; see also Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007)("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.")(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965). Given the Twombly and Iqbal plausibility standard, we turn to whether Speaker's Amended Complaint states a claim under the Privacy Act.

623 F.3d at 1380.

> Moreover, given the pleading standards announced in Twombly and Iqbal, Speaker must do more than recite these statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to "raise a right to relief above the speculative level." Twombly 550 U.S. at 555, 127 S.Ct. at 1965. Accordingly, to state a claim, Speaker must do more than allege that the CDC did not fulfill its record-keeping obligation. Speaker must allege the specific nature of the record-keeping obligation the CDC failed to satisfy.

Id. at 1381.

> Furthermore, Plaintiff Speaker has pleaded enough factual content to "nudge[ ] [ his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. Importantly, Speaker's allegations are not barren recitals of the statutory elements, shorn of factual specificity. See id. at 555, 127 S.Ct. at 1964-65 (stating that "a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (quotation marks and brackets omitted)).

Id. at 1384.

The statute of frauds is an affirmative defense. Ex parte Ramsay, 829 So.2d 146, 154 (Ala. 2002). A plaintiff is, generally speaking, "under no obligation to anticipate and negate [an] affirmative defense in the complaint." Secretary of Labor v. Labbe, 319 Fed. Appx. 761, 2008 WL 4787133, **2 (11th Cir., Nov. 4, 2008)(quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (parenthetical added). The exception to that rule is that "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.' " Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008)(quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) (parenthetical added).

The Eleventh Circuit Court of Appeals clarified that exception in Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275 (11th Cir. 2005). That opinion includes:

> At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense "only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Knight v. E.F. Hutton & Co., 750 F.Supp. 1109, 1112 (M.D. Fla. 1990); see Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Summer v. Land & Leisure, Inc., 664 F.2d 965, 969 (5th Cir. Unit B 1981).

410 F.3d at 1288 n.13.

The limits with the clarification described in Tello are that: (a) it appears only in a footnote and is probably dicta; (b) it was decided before Twombly and cites as authority Conley for the standard that "only if it appears beyond a doubt that Plaintiffs can prove no set of facts," which standard of course was specifically repudiated by Twombly; and (c) the other two cases it cites as authority, Knight and Summer, likewise relied on the subsequently repudiated Conley standard to support the proposition that Tello cites them for. 750 F. Supp. at 1112; 664 F.2d at 969.

Nevertheless, two Eleventh Circuit panels, albeit in unreported decisions, have, despite Twombly, cited Tello for the proposition enunciated in footnote 13 of that opinion. "In other words, '[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.' Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005)(quotation marks omitted) (parenthetical added)." Lindley v. City of Birmingham, Ala., 2013 WL 1336609, *2 (11th Cir., April 3, 2013). Tello goes on to say, "While it is true that we have dismissed complaints under Rule 12(b)(6) on statute of limitations grounds, we have made it clear that dismissal on such grounds is 'appropriate only if it is apparent from the face of the complaint that the claim is time-barred' and 'only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.' Tello, 410 F.3d at 1288, n. 13 (emphasis added) (internal quotations omitted) (parenthetical added)." Secretary of

Labor v. Labbe, 319 Fed.Appx. 761, *764, 2008 WL 4787133, **2 (11th Cir, Nov. 4, 2008).

It appears to this Court that it may be that the Tello "beyond a doubt that a plaintiff can prove no set of facts" standard was overruled by Twombly; however, clarification of the rule that permits dismissal if it is apparent from the face of a complaint that an affirmative defense bars recovery was relied upon by Lindley and Labbe. While those cases are not binding precedent, if Tello's "no set of facts" standard remains viable, then Twombly's plausibility standard, in the case of apparent affirmative defenses, must be completely ignored in favor of the discredited and overruled Conley standard. As Speaker concluded, "[Twombly] retired Conley's "no set of facts" test in favor of a new formulation of Rule 12(b)(6)'s pleading standard." Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d at 1380 (parenthetical added).

Thus, assuming the continued viability of the Tello standard, this question rises to the forefront: Can it ever be discerned strictly from the facts stated in a complaint whether or not the plaintiff can possibly without a doubt prove any set of facts at trial which might establish an exception to an affirmative defense? In other words, must the ability vel non of the plaintiff to prove a set of facts which establish an exception to the affirmative defense be gleaned strictly from the facts pled in the complaint, i.e., if the facts stated in the complaint do not add up to or facially establish an exception to the apparent affirmative defense, should the complaint be dismissed?

Courts are not, of course, clairvoyant, and it is impossible for them to determine in advance whether, beyond a doubt, a plaintiff will or will not be able to establish at trial or on summary judgment an exception to an affirmative defense from facts not stated in his or her complaint. If the "beyond a doubt" standard is amenable to a construction which requires consideration of that possibility, it would swallow the rule that a complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. Douglas v. Yates, 535 F.3d at 1321. In other words, if dismissal is precluded where there is the mere possibility that the plaintiff might be able to prove an exception to the affirmative defense which apparently bars recovery from facts which do not appear on the face of the complaint, then dismissal is not permitted under any circumstances where the fact that an affirmative defense which bars recovery appears on the face of the complaint.

Therefore, it must be assumed that courts need not look beyond the facts stated in a complaint, which is humanly impossible, and may dismiss a complaint if no facts appear therein which facially provide an exception to the affirmative defense which apparently bars recovery of the plaintiff's stated cause of action.

5

## III. Conclusions of law

### A. State law defenses apply
### in bankruptcy nondischargeability proceedings

Mr. Sarris contends that state law affirmative defenses have no application in an action to determine the dischargeability of a debt in bankruptcy. This Court disagrees. A proceeding challenging the dischargeability of a debt is actually two lawsuits in one. Section 523(a) of the Bankruptcy Code precludes "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title... from any debt..." of the nature described in the subsections of that statute (parenthetical added). The term "debt" is defined in 11 U.S.C. § 101(12) as "liability on a claim." A "claim" is defined as "a right to payment." 11 U.S.C. § 101(5)(A). Whether the creditor possesses a "right to payment" from the debtor, and the nature of that "right to payment," and the amount of that "right to payment," are matters that are strictly defined by state law:

> Indeed, we have long recognized that the " 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law.' " Ibid. (quoting Butner v. United States, 440 U.S. 48, 57, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); citation omitted). Accordingly, when the Bankruptcy Code uses the word "claim"—which the Code itself defines as a "right to payment," 11 U.S.C. § 101(5)(A)—it is usually referring to a right to payment recognized under state law. As we stated in Butner, "[p]roperty interests are created and defined by state law," and "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S., at 55, 99 S.Ct. 914; accord, Vanston Bondholders Protective Comm. v. Green, 329 U.S. 156, 161, 67 S.Ct. 237, 91 L.Ed. 162 ( 1946) ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law").

Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 450-51(2007).

Because the debtor must owe a debt to a creditor before that debt can be declared nondischargeable, a creditor must establish the existence and amount of the debt under state law:

> Making a determination regarding the dischargeability of a debt involves a two-step process: first, the establishment of the debt itself; and second, a determination as to the nature—dischargeable or

nondischargeable—of that debt. Banks v. Gill Distrib. Ctrs., Inc. (In re
Banks), 263 F.3d 862, 868 (9th Cir.2001). At times the debt at issue has
previously been liquidated; other times it has not. In the case of an
unliquidated debt, the bankruptcy court must necessarily determine
liability and damages in order to establish the underlying debt.

Stanbrough v. Valle (In re Valle), 469 B.R. 35, 43 (Bankr. D. Idaho 2012). See also, Sterling Factors, Inc. v. Whelan, 245 B.R. 698, 708 (N.D. Ga. 2000)("[A]n adversary proceeding respecting dischargeability consists of three elements: liability, damages, and dischargeability."); Trustees of the Operating Engineers Local # 965 Health Benefit Plan v. Westfall (In re Westfall), 379 B.R. 798, 802-03 (Bankr. C.D. Ill. 2007)("This Court must determine the existence of an underlying debt before reaching the dischargeability issues."); Drummond v. Freeland (In re Freeland), 360 B.R. 108, 129 (Bankr. D. Md. 2006)("When a complaint to determine nondischargeability of debt is brought in the bankruptcy court prior to the entry of a judgment in a nonbankruptcy forum, the bankruptcy court has subject matter jurisdiction, not only to determine nondischargeability of the debt, but also to liquidate the amount of the debt and enter a nondischargeable judgment therefor."); Gattalaro v. Pulver (In re Pulver), 327 B.R. 125, 132 (Bankr. W.D.N.Y. 2005)("In an Adversary Proceeding respecting dischargeability, there are three elements to be determined. These elements are liability, damages and dischargeability.").

Therefore, based on the above, this Court finds that state law affirmative defenses apply in actions to determine the dischargeability of a debt in bankruptcy.[1] Therefore, in this specific proceeding, the Court finds that the Alabama Statute of Frauds that applies.

---

[1] Proof of Mr. Underwood's alleged promise to provide financing for the real estate sale is the stated basis of both of the causes of action asserted by Mr. Sarris in his complaint. Those are his section 523(a)(2)(A) fraud cause of action as well as his section 523(a)(6) willful and malicious injury cause of action. To reiterate, to be successful in this case, Mr. Sarris must prove the existence of a debt, under Alabama tort law, for fraud or some other intentional tort. If the promise is void by virtue of the Statute of Frauds, it cannot support any tort cause of action. "[W]here, as here, an element of a tort claim turns on the existence of an alleged agreement that cannot, consistent with the Statute of Frauds, be proved to support a breach-of-contract claim, the Statute of Frauds also bars proof of that agreement to support the tort claim." Holman v. Childersburg Bancorporation, Inc., 852 So.2d 691, 701 (Ala. 2002) (parenthetical added). "[U]nder Alabama law a tort claim may not turn on a promise that is part of a contract voided by the Statute of Frauds ...." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1310 (11th Cir. 2007) (parenthetical added). And absent proof of those causes of action, Mr. Sarris can prove no debt which may be declared nondischargeable.

7

## B. The Alabama Statute of Frauds

Code of Alabama, 1975, § 8-9-2 provides:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
>
> (1) Every agreement which, by its terms, is not to be performed within one year from the making thereof;
>
> (2) Every special promise by an executor or administrator to answer damages out of his own estate;
>
> (3) Every special promise to answer for the debt, default or miscarriage of another;
>
> (4) Every agreement, promise or undertaking made upon consideration of marriage, except mutual promises to marry;
>
> (5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller;
>
> (6) Every agreement, contract or promise to make a will or to devise or bequeath any real or personal property or right, title or interest therein;
>
> (7) Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000;
>
> (8) Notwithstanding Section 7-8-113, every agreement for the sale or purchase of securities other than through the facilities of a national stock exchange or of the over-the-counter securities market.

Id.

In that context, Mr. Sarris's complaint contains these allegations:

The Plaintiff was induced to enter into said addendum, in part, because of this reliance upon the Defendant's assurance that the Defendant, would

8

finance possession of the said real property and Plaintiff paid all sums requested by the Defendant, including an additional $7,000.00 on or about the 16th day of February, 2009, until it became apparent that the Defendant would not finance the purchase of this real property and the Plaintiff was not in a position to obtain financing otherwise and therefore requested the return of his funds paid to the Defendants.

The Defendant did further represent to Plaintiff that they would alternatively finance the purchase of this real property.

The representations that Defendant would finance the purchase of the real property for Defendant were false.

<u>Amended Complaint to Determine Dischargeability of Debts</u>, A.P. Doc.# 16.

Two of the subsections of Alabama's Statute of Frauds quoted above prevent Mr. Sarris from succeeding on these allegations.

### 1. Code of Alabama 1975, § 8-9-2(7) bars the relief sought by Mr. Sarris

Pursuant to subsection 8-9-2(7), the Court finds that Mr. Underwood's alleged verbal promise to finance Mr. Sarris's purchase of the property is facially void as an unwritten "agreement or commitment to lend money." <u>Southland Bank v. A & A Drywall Supply Co., Inc.</u>, 21 So.3d 1196, 1209 (Ala. 2008); <u>DeVenney v. Hill</u>, 918 So.2d 106, 115 (Ala. 2005); <u>Armstrong Business Services, Inc. v. AmSouth Bank</u>, 817 So.2d 665, 676 (Ala. 2001); <u>Metro Building Materials Corp. v. Republic Nat. Bank of Miami</u>, 919 So.2d 595, 598 (Fla. Dist. Ct. App. 2006); <u>Frame v. Boatmen's Bank of Concord Village</u>, 782 S.W.2d 117, 120 (Mo. Ct. App. 1989). And, although the amount to be financed was not disclosed in his complaint, Mr. Sarris does not allege or contend that it was less than $25,000.

### 2. Code of Alabama 1975, § 8-9-2(5) bars the relief sought by Mr. Sarris

Even if Mr. Underwood's alleged verbal promise is more appropriately characterized as a verbal amendment or addendum to the parties' real estate contract and lease sale agreement (see <u>DeVenney v. Hill</u>, 918 So.2d 106, 116, n.12 (Ala. 2005); <u>Frame v. Boatmen's Bank of Concord Village</u>, 782 S.W.2d 117, 120 (Mo. Ct. App. 1989)) it is still void by virtue of subsection 8-9-2(5) of the statute. "The general rule is that a contract required by the statute of frauds to be in writing cannot be modified by subsequent oral agreement." <u>Cammorata v. Woodruff</u>, 445 So.2d 867, 872 (Ala. 1983). "While the authorities are divided as to whether a written contract falling within the statute of frauds may be orally modified as to time of performance, it is generally

9

agreed that if the oral modification is not just an extension of time, but goes to the substance of the contract, the modification is invalid." Id. "The general rule in Alabama is that any contract required by the Statute of Frauds to be in writing cannot be modified by subsequent oral agreement." Charles J. Arndt, Inc. v. City of Birmingham, 547 So.2d 397, 401 (Ala. 1989). "In other words, any modification of such a contract would have to be in writing *and* signed by the party to be charged therewith." Id.

Mr. Sarris's complaint recites that Mr. Underwood's alleged verbal loan financing commitment induced him to "enter into an 'addendum' to said contract, which constituted a 'lease/purchase agreement' wherein the Plaintiff would pay monthly rent in the amount of $1,450.00 per month and additionally pay two $5,000.00 non-refundable down payments, among other terms." Amended Complaint to Determine Dischargeability of Debts at 2, A.P. Docket No. 16. While Mr. Sarris did not explicitly allege that he entered into possession of the property, such a conclusion may, for purposes of the present motion, be implied from his allegation that he paid the sums required under the lease sale addendum for a period of three years after it was executed. In contrast, Mr. Sarris argues that the facts alleged in his complaint, which indicate that he took possession of the property and made certain payments in accordance with the lease purchase addendum, precludes subsection 8-9-2(5) of the statute from making Mr. Underwood's alleged verbal agreement to finance the purchase void. Indeed, that statutory provision is, by its terms, explicitly inapplicable if "the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller." Code of Ala., 1975, § 8-9-2(5). However, "In order to take a contract for the purchase of an interest in land outside the Statute of Frauds, payment and possession by the buyer must concur, i.e., both are necessary." Charles J. Arndt, Inc. v. City of Birmingham, 547 So.2d at 401.

The allegations in Mr. Sarris's complaint explicitly reflect that he took possession of the property by virtue and under the auspices of the lease purchase addendum. He does not allege that the lease purchase addendum was the vehicle by which Mr. Underwood was providing financing for his purchase of the property or that the alleged loan commitment was described in that document. In fact, the basis of his complaint is that Mr. Underwood refused to honor his collateral promise to finance the property. The lease purchase addendum cannot, therefore, possibly be the fulfillment of that promise.

To preclude an agreement from being void by virtue of section 8-9-2(5), possession must be attributable strictly to the particular promise, in this case the alleged loan commitment, and not to any other agreement. "To take a case out of the statute of frauds upon the ground of part performance, the acts of possession must be clear and definite, and referable exclusively to the contract, and by authority of the vendor." Holman v. Childersburg Bancorporation, Inc., 852 So.2d 691, 697 (Ala. 2002)(citations and internal quotation marks omitted). "The exception applies only where the acts of part performance cannot be explained consistently with any other contract than the one alleged." Id. at 698. "The acts of part performance must be such

10

as would not be done but for the alleged oral contract." Id. "If the possession could be accounted for just as well by some other right or title actually existing in the vendee's favor, or by some relation between him and the vendor other than the alleged oral contract, it is not such a possession as the doctrine requires." Id.

According to his complaint, Mr. Sarris's possession of the property was attributable to the lease sale addendum and the title he acquired thereby, rather than the alleged separate verbal loan commitment. Consequently, that possession is insufficient to constitute the partial performance necessary to make the loan commitment enforceable. Furthermore, the payments made by Mr. Sarris to Mr. Underwood were, according to the complaint, made pursuant to and under the terms of the written lease sale addendum. Those payments, therefore, constitute partial performance of that agreement rather than the separate verbal agreement in which Mr. Underwood allegedly promised to finance Mr. Sarris's purchase of the property.

## IV. Conclusion

Based on the above, this Court concludes that it is abundantly apparent on the face of Mr. Sarris's complaint that: (1) the basis of Mr. Sarris's nondischargeability claims is an alleged verbal commitment by Mr. Underwood to finance Mr. Sarris's purchase of certain real property; (2) two subsections of the Alabama Statute of Frauds, specifically Code of Alabama, 1975, §§ 8-9-2(5) & (7), preclude Mr. Sarris from establishing a debt, under Alabama law which may be declared nondischargeable pursuant to either section 523(a)(2)(A) or section 523(a)(6); and, (3) based on the facts contained in the complaint, Mr. Sarris cannot possibly prove any legally recognized exception to those applicable statute of frauds provisions.

Consequently, Mr. Sarris has failed to state, in his complaint, any claim that he can possibly prove at trial upon which relief may be granted. That complaint is, therefore, due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7012(b), for failure to state a claim upon which relief can be granted.

A separate order will be entered in conformity with this Memorandum opinion.

Dated: September 12, 2013         /s/Benjamin Cohen
                                  BENJAMIN COHEN
                                  United States Bankruptcy Judge

BC:sm